**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOEL I. SHER,
CHAPTER 11 TRUSTEE,

    Plaintiff and Counterclaim Defendant,

vs.                                                                                                          11-mc-00018 -MCA

SAF FINANCIAL, INC.,

    Defendant,

and

LARRY A. GOLDSTONE
CLARENCE G. SIMMONS, III,

    Defendants, Counterclaimants, and
    Third-Party Plaintiffs,

vs.

THORNBURG MORTGAGE ADVISORY
CORPORATION and GARRETT
THORNBURG,

    Third-Party Defendants.


JOEL I. SHER,
CHAPTER 11 TRUSTEE,

    Cross-claim Plaintiff,

vs.

THORNBURG MORTGAGE ADVISORY
CORPORATION and GARRETT
THORNBURG,

    Cross-claim Defendants.

## **ORDER**

This matter is before the Court upon *Plaintiff's Motion to Compel Production of Documents* [Doc. 9]. The Court has considered the *Motion*, the *Expedited Response* of Defendant SAF Financial, Inc. and Defendants/Counterclaimants/ Third-party Plaintiffs Larry A. Goldstone and Clarence G. Simmons, III, [Doc. 17 ], Respondent Carlos Gonzales' Response in Opposition to Plaintiff's Motion to Compel [Doc. 20], the arguments and representations of the parties and counsel at the June 10, 2011 hearing on this matter, and the record in this case, and is otherwise fully advised in the premises.

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiff's Motion to Compel Production of Documents* [Doc. 9] is **granted in part**, and that Respondent Gonzales shall no later than the close of business, Tuesday, July 5, 2011, produce documents requested by the subpoena in the following manner and subject to the following conditions:

(1)     As to emails and electronically stored data, counsel for Respondent Gonzales shall meet and confer with counsel for Plaintiff and they shall in good faith agree to keywords to be used by Respondent Gonzales in performing word searches designed to recover emails and electronically stored data. Respondent Gonzales shall copy to hard drive those emails retrieved using these word searches and such emails shall be produced;

(2)     As to documents and folders and other segregated files (other than emails), Respondent Gonzales shall copy to hard drive all such documents that Respondent Gonzales created, sent, or received in the capacities of Director of Technology for TMST, Inc. or SAF, Inc., or that he or TechSOLNM created, sent or received in the course of providing technology support services for Larry Goldstone, Clay Simmons, SAF, Inc., or any other business venture undertaken by Goldstone or Simmons. Such documents shall be produced. Respondent

Gonzales will not be required to produce any documents created for, sent to, or received from, any client other than those referred to in the preceding sentence and who have no relationship to the pending litigation.

To the extent he is able to segregate the documents by file or folder, Respondent Gonzales is not required to examine each document.

(3) All documents produced pursuant to this order shall be produced by copying to hard drive, and Respondent Gonzales shall produce the hard drive or drives on which the documents are produced to a third-party custodian, who will sequester the hard drives until further order of the Court.   Counsel for Respondent Gonzales and the Plaintiff shall meet and confer in a good faith effort to select a mutually-acceptable neutral third-party custodian.  No later than noon, Friday June 17, 2011, Respondent and the Parties shall file a notice identifying the person who is acceptable to Respondent and Plaintiff, and who has been contacted and has agreed to serve as third-party custodian, and who is willing to submit to the jurisdiction of this Court.  Plaintiff will be required to compensate the third-party custodian for the reasonable value of his or her services and for reasonable expenses incurred in carrying out the duties imposed by the Court.  Upon notification of appointment by the Court, the third-party custodian will promptly file in the record in this proceeding a notice of acceptance of appointment.

(4) All documents produced by Respondent Gonzales pursuant to this Order shall be subject to a protective order to prevent the disclosure to any third party of proprietary, personal, or confidential information except as required for purposes of this litigation.   Counsel for Respondent Gonzales and **all parties** hereto shall meet and confer in a good faith effort to craft a protective order, which they shall submit to the Court for approval by the close of business, Friday, June 17, 2011.

(5)     Upon receipt of hard drive or drives, the third-party custodian will sequester them, and upon further order of this Court send them by a secure and reliable method to Honorable Richard D. Bennett, United States District Court, 101 W. Lombard Street, Baltimore, Maryland, 21201.

(6)     Plaintiff will pay Respondent Gonzales reasonable compensation to be fixed by mutual agreement or by further order of the Court for the time and expense of complying with this Order.  Respondent Gonzales may also submit an application for attorney's fees.  Any application for fees must be supported by authenticated billing records and a memorandum explaining how such fees are reasonable and appropriate.

(7)     All objections related to the data ordered to be produced, based upon privilege or relevancy or upon any other ground pursuant to the Rules of Evidence, shall be made in the cause pending before the Honorable Richard D. Bennett, United States District Judge, District of Maryland.

**IT IS FURTHER ORDERED** that except as production is expressly ordered by the prior provisions of this Order, *Plaintiff's Motion to Compel Production of Documents* [Doc. 9] is **denied**.

So Ordered this 15th day of June, 2011.

*(signature)*
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**